UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Matthew Fairbanks, Jason Damman, Colin Beere, John Quarnstrom, Andrew Graham, and Blake Parsons, or any successors as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund, | Civil File No. _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| DP Fabrication L.L.C., | |
| Defendant. | |

_____

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. The Plaintiffs are Matthew Fairbanks, Jason Damman, Colin Beere, John Quarnstrom, Andrew Graham, and Blake Parsons or any successors, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2. As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant is a Minnesota limited liability corporation with the registered address of 21690 Blaine Avenue, Farmington, Minnesota 55024–5502.  Defendant is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. Since at least December 16, 2021, Defendant has been bound to a collective bargaining agreement negotiated between the Commercial Subdivision of SMARCA and Local Union No. 10 Metro Area, covering the period of May 1, 2021 to April 30, 2024 ("CBA"), the terms of which are hereby incorporated by reference.

9. The CBA requires Defendant to submit contributions to various employee benefit plans in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBA and on behalf of its owner / members as that term is defined by the CBA.

10. The CBA incorporates by reference the Agreements and Declarations of Trust ("Trust Agreements") for the employee benefit funds to which Defendant is required to submit contributions to.

11. The CBA requires Defendant to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Defendant's monthly payment.

12. 29 U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

13. If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all of the hours worked by that individual for whom Defendant is unable to produce

satisfactory records verifying the type of work being performed by that individual.

14. The CBA and the Trust Agreements require Defendant to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

15. The CBA prohibits Defendant from subcontracting any work covered by the CBAs unless the subcontracted employer is signatory to the CBA or a related CBA.

16. The CBA and Trust Agreements require Defendant to make available any and all records of their covered employees that may be required in connection with the sound and efficient operation of the benefit funds.

17. The CBA and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

18. The CBA and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

19. The CBA and Trust Agreements state that any attorneys' fees and costs incurred in the collection of contributions shall be payable by the delinquent employer.

**COUNT I**
**Breach of Contract /Right to Audit**
**Under ERISA and the LMRA**

20. The Control Board re-alleges and incorporates by reference paragraphs 1-19 herein.

21. The Control Board requested that Defendant produce a complete set of its payroll and employment records as specified in the CBA and Trust Agreements for the period of January 1, 2022 through December 31, 2022 ("Audit Period").

22. Defendant breached the terms of the CBA by failing and refusing to submit a complete set of its payroll and employment records for the Audit Period.

23. Upon information and belief, Defendant employed individuals during the Audit Period on whose behalf accurate reports and contributions are due and owing.

24. Unless Defendant is ordered to specifically perform the obligation to produce the records and permit the audit and is enjoined from further obstruction of such procedure, the Control Board will have no means of verifying the proper amounts due and owing to them, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees pursuant to ERISA, the CBA, and the Trust Agreements.

25. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

26. Defendant should be enjoined from further refusal and failure to allow the Funds' authorized agent access to its relevant records pursuant to the CBA, the Trust Agreements and ERISA.

27. Defendant is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of Defendant's employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for the reasonable costs and attorneys' fees incurred in enforcing its right to audit and in collecting the amounts due from Defendant.

29. Pursuant to the CBA and Trust Agreements Defendant is liable to the Control Board for liquidated damages and interest charges on the unpaid contributions for the period of Audit Period.

## COUNT II
### Breach of Contract /Failure to Remit Contributions
### Under ERISA and the LMRA

30. The Control Board re-alleges and incorporates by reference paragraphs 1-29 herein.

31. Defendant breached the terms of the CBA and Trust Agreements by failing to submit the remittance reports for the month of June 2023.

32. Upon information and belief, Defendant employed individuals performing work covered by the CBA after May 31, 2023, and continues to do so.

33. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit the report forms as described above as required by the CBA and Trust Agreement and will be required to remit payment for the benefit contributions due pursuant to the hours disclosed.

34. If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees.

35. In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

36. Defendant should be enjoined from further refusal and failure to remit reports and contributions.

37. Defendant is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

38. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

39. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for interest on the unpaid contributions and liquidated damages on the contributions due for the month of June 2023 and any other month that becomes due and owing during the pendency of this litigation.

## COUNT III
## ERISA Damages

40. The Control Board re-alleges and incorporates by reference paragraphs 1-39 herein.

41. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

42. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

43. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant as follows:

1. For an Order adjudging that the Defendant is required to forthwith produce for inspection and audit for the period of January 1, 2022 through December 31, 2022 any and all records reasonably deemed necessary to the performance of such audit by the Plaintiffs' authorized agent.

2. For an Order adjudging that the Defendant is enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBA.

3. For judgment against the Defendant for all unpaid benefit contributions discovered to be due pursuant to the audit of the period of January 1, 2022 through December 31, 2022.

4.      For an order requiring Defendant to submit to Plaintiff all reports or calculations for contributions accurately and completely identifying all hours worked by its employees for the month of June 2023.

5.      For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

6.      For judgment against the Defendant for all unpaid benefit contributions discovered to be due pursuant to any remittance reports or similar calculations produced by Defendant for the month of June 2023 or any other month that becomes due during the pendency of this litigation.

7.      For judgment against the Defendant for all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

8.      For an award of costs, disbursements and attorneys' fees according to law.

9.      Such other and future relief as the Court deems just, equitable or proper.

Dated: August 11, 2023         **SHUMAKER LOOP & KENDRICK, LLP**

By   /s/ Amy L. Court
      Amy L. Court (# 319004)
      Christy E. Lawrie (#388832)
      8400 Normandale Lake Boulevard
      Suite 920
      Bloomington, MN 55437
      Telephone: (612) 605-9123
      acourt@shumaker.com
      clawrie@shumaker.com

*Attorneys for the Plaintiffs*