UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fairbanks, Jason Damman, Colin Beere, John Quarnstrom, Andrew Graham, and Blake Parsons or any successors as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>    Plaintiffs,<br>v.<br><br>DP Fabrication L.L.C.,<br><br>    Defendant. | Court File No.  23-CV-2490 (NEB/TNL)<br><br><br><br>**DEFENDANT DP FABRICATION LLC'S ANSWER AND DEFENSES TO COMPLAINT** |

Defendant DP Fabrication LLC, by and through the undersigned counsel, for its Answer and Defenses to Plaintiffs' Complaint, states and alleges as follows. Defendant denies each and every allegation contained in Plaintiffs' Complaint unless hereafter admitted, qualified, or otherwise answered.

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Defendant lacks information to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant lacks information to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks information to admit or deny the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4.     With respect to Paragraph 4 of the Complaint, Defendant admits only that it is a Minnesota limited liability company with the stated registered address. The remaining allegations in Paragraph 4 state a legal conclusion to which no response is required.

5.     Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it owes any unpaid fringe benefit contribution payments or states that Defendant has other defenses to the payment of any amounts claimed to be owed.

6.     Defendant lacks information to admit or deny the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

## FACTS

7.     Defendant restates and realleges all preceding responses and denials as if set forth herein.

8.     Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has been bound to any collective bargaining agreement for the period stated.

9.     Paragraph 9 of the Complaint attempts to characterize terms of the "CBA," which speaks for itself. Defendant denies the allegations in Paragraph 9 to the extent they contradict or differ from the actual terms of the CBA. Defendant also denies that it is bound to the CBA referenced.

10.    Paragraph 10 of the Complaint attempts to characterize terms of the "CBA," which speaks for itself. Defendant denies the allegations in Paragraph 10 to the extent they contradict or differ from the actual terms of the CBA. Defendant further denies that the

document it executed made any reference to any Agreements and Declarations of Trust or that Defendant agreed to be bound by these documents or states that the agreements are unenforceable as to Defendant.

11. Paragraph 11 of the Complaint attempts to characterize terms of the "CBA," which speaks for itself. Defendant denies the allegations in Paragraph 11 to the extent they contradict or differ from the actual terms of the CBA, and denies that it is bound to the referenced CBA.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. The cited statute speaks for itself.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required.

14. Paragraph 14 of the Complaint attempts to characterize terms of the "CBA" and "Trust Agreements," which speak for themselves. Defendant denies the allegations in Paragraph 14 to the extent they contradict or differ from the actual terms of the CBA or Trust Agreements. Defendant further denies that it is bound to the referenced documents or states that the agreements are unenforceable as to Defendant.

15. Paragraph 15 of the Complaint attempts to characterize terms of the "CBA," which speaks for itself. Defendant denies the allegations in Paragraph 15 to the extent they contradict or differ from the actual terms of the CBA, and denies that it is bound to the referenced CBA or that the CBA is unenforceable as to Defendant.

16. Paragraph 16 of the Complaint attempts to characterize terms of the "CBA" and "Trust Agreements," which speak for themselves. Defendant denies the allegations in

Paragraph 16 to the extent they contradict or differ from the actual terms of the CBA or Trust Agreements. Defendant further denies that it agreed to be bound to the referenced documents or that the agreements are unenforceable as to Defendant.

17. Paragraph 17 of the Complaint attempts to characterize terms of the "CBA" and "Trust Agreements," which speak for themselves. Defendant denies the allegations in Paragraph 17 to the extent they contradict or differ from the actual terms of the CBA or Trust Agreements. Defendant further denies that it agreed to be bound to the referenced agreements or that the agreements are unenforceable as to Defendant.

18. Paragraph 18 of the Complaint attempts to characterize terms of the "CBA" and "Trust Agreements," which speak for themselves. Defendant denies the allegations in Paragraph 18 to the extent they contradict or differ from the actual terms of the CBA or Trust Agreements. Defendant further denies that it is bound to the referenced documents.

19. Paragraph 19 of the Complaint attempts to characterize terms of the "CBA" and "Trust Agreements," which speak for themselves. Defendant denies the allegations in Paragraph 19 to the extent they contradict or differ from the actual terms of the CBA or Trust Agreements. Defendant further denies that it is bound to the referenced documents.

**COUNT I**
**Breach of Contract/ Right to Audit**
**Under ERISA and the LMRA**

20. Defendant restates and realleges all preceding responses and denials as if set forth herein.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

4

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint. Defendant affirmatively states that all requested records have been produced to Plaintiffs.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint. Defendant further denies that it is bound to the referenced documents.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. Defendant further denies that it is bound by the referenced documents.

## COUNT II
### Breach of Contract/Failure to Remit Contributions Under ERISA and the LMRA

30. Defendant restates and realleges all preceding responses and denials as if set forth herein.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint and that it is bound by the referenced CBA.

33. Defendant denies the allegations in Paragraph 33 of the Complaint and that it is bound by the referenced CBA.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint and that it is bound by the referenced CBA.

38. Defendant denies the allegations in Paragraph 38 of the Complaint and that it is bound by the referenced documents.

39. Defendant denies the allegations in Paragraph 39 of the Complaint and that it is bound by the referenced documents.

## COUNT III
## ERISA Damages

40. Defendant restates and realleges all preceding responses and denials as if set forth herein.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 and that it is liable to Plaintiffs for the relief requested.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 and that it is liable to Plaintiffs for the relief requested.

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43 and that it is liable to Plaintiffs for the relief requested.

## PRAYER FOR RELIEF

If Plaintiff's alleged Prayer for Relief, and Paragraphs 1-9 therein, contain any allegations that require an affirmative response, Defendants deny them in their entirety.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant sets forth the following defenses and affirmative defenses to Plaintiffs' Complaint. Defendant does not assume the burden of proof with respect to any matter at or which, pursuant to law, Plaintiffs bear the burden.

1. Plaintiffs' Complaint fails to plead, allege or state facts sufficient to state a plausible claim upon which relief can be granted against Defendant.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiffs' claims to audit Defendant's records are moot.

4. Plaintiffs' claims are barred in whole or in part because they seek relief for hypothetical or potential future violations of contract that are not ripe.

5. Plaintiffs' claims are barred because the applicable CBA and/or any trust agreements were procured through fraud in the execution and/or fraud in the inducement and are, therefore, void and unenforceable against Defendant.

6. Plaintiffs' claims are barred, in whole or in part, to the extent the terms of the CBA and/or any trust agreements are inconsistent with or in violation of the law.

7. Plaintiffs' claims are barred, in whole or in part, to the extent they seek to audit Defendants' records and seek fringe benefit contributions during any period when Defendants were not signatories or bound to the CBA and/or any trust agreements.

8. Plaintiffs' claims are barred, in whole or in part, to the extent they seek fringe benefit contributions for work not covered by the applicable CBA.

7

9. Plaintiffs' claims are barred, in whole or in part, to the extent they seek fringe benefit contributions for work not performed by Defendant or its employees.

10. Plaintiffs' claims are barred, in whole or in part, because the Union no longer represents the majority of Defendant's employees and, therefore, renders the applicable CBA void, voidable, or unenforceable.

11. Plaintiffs' claims and/or damages are barred, in whole or in part, because of violations of the applicable CBA by the Union with respect to the Union's failure to provide Defendant with the necessary amount of union employees to perform work.

12. If Plaintiffs are entitled to any fringe benefit contributions or other damages against Defendant, Defendant is entitled to contribution or reimbursement from one or more third parties, including the Union.

13. Defendant may have further and additional affirmative defenses, the nature of which cannot be determined until they have had an opportunity to engage in discovery. Defendant therefore incorporates any and all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure and reserves the right to assert additional defenses and affirmative defenses as discovery progresses.

**WHEREFORE**, Defendant demands judgment against Plaintiffs as follows:

1. Dismissing Plaintiffs' Complaint with prejudice and on the merits;

2. Awarding Defendant its reasonable attorneys' fees and costs incurred herein; and

3. For such further relief as the Court deems just and equitable.

Dated: December 22, 2023

**FREDRIKSON & BYRON, P.A.**

By: */s/ Bryan J. Morben*
Bryan J. Morben (#396624)
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: 612-492-7002
Email: bmorben@fredlaw.com

AND

**MASLON, LLP**

Larina Alton (#0388332)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:  (612) 672-8300
Email:larina.alton@maslon.com

***Attorneys for Defendant Twisted Mechanical LLC***