UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Matthew Fairbanks, Jason Damman, Colin Beere, John Quarnstrom, Andrew Graham, Blake Parsons, *or any successors, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund*, and the Sheet Metal Local #10 Control Board Trust Fund, | Case No. 23-CV-02490 (JMB/TNL) |
| Plaintiffs, | **ORDER** |
| v. | |
| DP Fabrication L.L.C., | |
| Defendant. | |

---

Amy L. Court and Christy E. Lawrie, Shumaker, Loop & Kendrick LLP, Bloomington, MN, for Plaintiffs.

---

This matter is before the Court on Plaintiffs Sheet Metal Local #10 Control Board Trust Fund's (Control Board), Matthew Fairbanks's, Jason Damman's, Colin Beere's, John Quarnstrom's, and Andrew Graham's motion for entry of default judgment, through which they seek a default money judgment against Defendant DP Fabrication L.L.C. (Doc. No. 57.) The Court held a hearing on the motion on March 13, 2025. (Doc. No. 66.) Amy L. Court, of Shumaker, Loop & Kendrick LLP, appeared for Plaintiffs. DP Fabrication did not appear. For the reasons discussed below, the Court grants Plaintiffs' motion.

1

## FINDINGS OF FACT

1. Fairbanks, Damman, Beere, Quarnstrom, and Graham (together Control Board Trustees) are Trustees of the Control Board. (Doc. No. 1 ¶ 1.)

2. The Control Board is a clearinghouse that provides various services to employee benefit plans and is designated by various labor agreements as the entity to, among other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. (*Id.* ¶ 2.)

3. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements. (*Id.*)

4. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to section 302(c)(5) of the Labor Relations Management Act of 1974, as amended, 29 U.S.C. § 186(c)(5). (*Id.* ¶ 3.)

5. The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended, 29 U.S.C. § 1001, et seq., and are exempt from federal income taxation pursuant to the Internal Revenue Code. (*Id.*)

6. DP Fabrication is a Minnesota limited liability corporation, and an employer within the meaning of ERISA. (*Id.* ¶ 4.)

7. In December 2021, DP Fabrication accepted and agreed to be bound by the terms of a collective bargaining agreement negotiated between the Commercial Subdivision of the Sheet Metal, Air Conditioning, & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota (SMARCA) and Local Union No. 10 Metro

Area, covering the period of May 1, 2021, to April 30, 2024 (2024 CBA).  (*Id.* ¶ 8; Doc. No. 62-1; Doc. No. 62-2 at 34.)  The 2024 CBA was extended, and DP Fabrication remains bound to it.  (Doc. No. 1 ¶ 8; Doc. No. 62-2 at 34; Doc. No. 62-3; Doc. No. 62 ¶¶ 4, 11.)

8. In January 2022, DP Fabrication became a member of the SMARCA and, in doing so, became bound to the 2024 CBA and a successor agreement, covering May 1, 2024, to April 30, 2027 (2027 CBA).  (Doc. No. 62-4; Doc. No. 62-5 at 5, 6.)

9. The 2024 CBA and 2027 CBA (together, CBAs) require DP Fabrication to submit contributions to various employee benefit plans in the amount per hour specified in the CBAs for each hour worked by its employees covered by the CBAs.  (Doc. No. 1 ¶ 9; Doc. No. 62-2 at 16–19; Doc. No. 62-6 at 16–19.)

10. The CBAs also require DP Fabrication to, on a monthly basis, enter all its employees performing CBA covered work, and the number of hours worked, into the Control Board's online remittance system.  (Doc. No. 62 ¶ 8.)  The online remittance system then calculates the amount of benefit contributions due for that month.  (*Id.*)

11. In December 2022, DP Fabrication executed a Participation Agreement with the Sheet Metal Local #10 Benefit Fund, a health and welfare fund, requiring submission of monthly premiums on behalf of all non-bargaining employees.  (Doc. No. 62-7.)

12. The CBAs require DP Fabrication to make available all covered employees records that may be required in connection with the sound and efficient operation of the benefit funds so that the Control Board can confirm its compliance with its contribution obligation. (Doc. No. 1 ¶ 16; Doc. No. 62-2 at 20; Doc. No. 62-6 at 20.)  Accordingly, in May 2023, the Control Board's auditor requested that DP Fabrication produce specific

3

records for the period of January 1, 2022, through December 31, 2022. (Doc. No. 1 ¶ 21; Doc. No. 61 ¶ 2.) DP Fabrication did not fully comply with this request, and, in July 2023, it breached the terms of the CBAs by failing to timely submit its monthly benefit payment for June 2023. (Doc. No. 1 ¶¶ 22, 31; Doc. No. 61 ¶ 2; Doc. No. 62 ¶¶ 10, 11.)

13. Consequently, in August 2023, the Plaintiffs initiated this action to compel DP Fabrication to comply with the auditor's request, submit any employee data necessary to calculate the amounts due, and pay all amounts discovered to be due. (Doc. No. 1.) In mid-August, the Summons and Complaint were served on DP Fabrication. (Doc. No. 5.)

14. DP Fabrication failed to file and serve a response or answer. Accordingly, the Control Board applied for, and the Clerk entered default. (Doc. Nos. 6, 7, 8.)

15. However, in September 2023, DP Fabrication retained counsel who filed a motion for relief from entry of default. (Doc. No. 10.) The Court granted this motion (Doc. No. 25, 26), and DP Fabrication filed an Answer. (Doc. No. 27.)

16. After the entry of default was set aside, DP Fabrication produced the required documents, and the auditor completed the 2022 audit. (Doc. No. 61 ¶ 3.) Thereafter, DP Fabrication requested that the audit be brought current through December 31, 2023, and produced its 2023 records for audit. (*Id.* ¶ 4; Doc. No. 60-1.)

17. Based on the audits, the auditor concluded that DP Fabrication owes the Control Board $39,573.10 for unpaid contributions. (Doc. No. 61 ¶ 10.)

18. Additionally, from June 2023 through July 2024, DP Fabrication failed to make monthly benefit payments totaling $61,260.55. (Doc. No. 62 ¶ 11.)

4

19. The CBAs state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, the liquidated damages assessment increases to twenty percent if the Control Board does not receive the delinquent contributions, together with the liquidated damages assessment, on or before the tenth day of the next month. (Doc. No. 1 ¶ 17; Doc. No. 62-2 at 20; Doc. No. 62-6 at 20.)

20. Therefore, DP Fabrication owes $7,914.62 in liquidated damages for the audit periods and $12,252.11 in liquidated damages for the missed monthly benefits payments. (Doc. No. 60 ¶ 4.)

21. Further, the CBAs state that delinquent employers must pay interest charges on delinquent contributions computed at the rate determined by section 6621 of the Internal Revenue Code. (Doc. No. 1 ¶ 18; Doc. No. 62-2 at 20; Doc. No. 62-6 at 20.)

22. Therefore, DP Fabrication owes $8,470.03 in interest.

23. Finally, the CBAs state that attorneys' fees and costs incurred in the collection of contributions shall be payable by the delinquent employer. (Doc. No. 1 ¶ 19; Doc. No. 62-2 at 20; Doc. No. 62-6 at 20.)

24. The Control Board incurred attorneys' fees totaling $12,471.00 and costs totaling $494.26. (Doc. No. 60 ¶ 5; Doc. No. 60-3.)

25. In August 2024, after the audits were completed and the employee data was entered into the Control Board's online remittance system through July 2024, DP Fabrication's counsel filed a motion to withdraw without substitution of counsel. (Doc.

5

No. 40.) The Court granted that motion and ordered DP Fabrication to secure counsel by November 15, 2024. (Doc. No. 59 at 4, 5.)

26. On November 18, 2024, Plaintiffs applied for entry of default due to DP Fabrication's failure to secure counsel. (Doc. Nos. 51, 52.) The next day, the Clerk entered default. (Doc. No. 54.)

## CONCLUSIONS OF LAW

1. DP Fabrication is in default and the Control Board is entitled to entry of default judgment;

2. DP Fabrication owes the Control Board $129,470.71 for delinquent contributions, liquidated damages, and interest for the audit periods of January 1, 2022, through December 31, 2022, and January 1, 2023, through December 31, 2023, and the delinquency period of June 2023 through July 2024;

3. DP Fabrication owes the Control Board $12,965.26 for attorneys' fees and costs incurred relating to the collection of delinquent contributions for those periods.

**ORDER**

Based on the foregoing, and on all the files records and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Entry of Default Judgment (Doc. No. 57) is GRANTED; and

2. Judgment in the amount of $142,435.67 shall be entered against Defendant DP Fabrication, and in favor of Plaintiffs.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: March 21, 2025                                   /s/ *Jeffrey M. Bryan*
                                                                                               Judge Jeffrey M. Bryan
                                                                                               United States District Court